{¶ 25} I respectfully dissent from the majority's opinion to reverse and remand the instant case regarding appellants' motion to enforce the settlement agreement and mandating that the trial court serve as the arbiter.
 {¶ 26} The March 11, 2004 magistrate's decision, which was adopted by the court and incorporated into the parties' settlement agreement, states that an inspector "offered credible testimony that the elevators in Rainbow 1 and 2 are code compliant. However, the elevators must also be maintained in good and safe working order and condition." Furthermore, the parties agreed that the City of Cleveland Division of Building and Housing would arbitrate a dispute, should one occur, as to whether the elevators were in good working condition.
 {¶ 27} Subsequently, a dispute arose, and Valek, who was the agreed upon arbiter of compliance, conducted an inspection and testified that, in his professional opinion, the elevators at Rainbow Apartments were in good and safe working order. This outcome followed the dispute resolution procedure mutually outlined by the parties in the settlement agreement. The magistrate's decision, as well as the settlement agreement, left "good and safe working order" undefined. This phrase *Page 11 
finds its roots in R.C. 5321.04(A)(4), which states that a "landlord who is party to a rental agreement shall * * * [m]aintain in good and safe working order and condition * * * all elevators * * *." An additional review of Ohio case law associated with this section of the Revised Code also leaves the phrase "good and safe working order" undefined.
 {¶ 28} I would affirm the court's decision denying appellants' motion to enforce the settlement agreement, as I find it is well reasoned, well written and well taken. It states:
 "An arbiter's authority is not unfettered. A court retains oversight to assure that substantive justice has been achieved. But here the outcome was more than satisfactory. This case is exceptional in that the parties were able to pick their own fact-finder, a fact-finder who by training and experience was better disposed than most of his fellow citizens to understand the complexities of elevator operation. Charged with a subjective task, the inspector-arbiter wisely invoked a shared value system — the Code of the City of Cleveland — as a point of reference to reach his conclusion. His methodology was rational, his result understandable. The Court will not displace his judgment."